The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner William Bost. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. On December 31, 1993, Employer-Defendant was insured with CIGNA Insurance Company.
3. Copies of medical reports and information.
4. A Form 22 Wage Chart.
* * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a thirty nine year old married male with a GED. Prior to beginning work with employer, he had been employed for most of his life as a sheet rocker.
2. The plaintiff alleges that on the December 31, 1993, that he was injured on the job when he was riding in the back of a truck which jerked and he fell over a wheel well on his back.
3. Plaintiff testified that he was not in severe pain when this alleged accident occurred. In fact, plaintiff was able to complete his work day.
4. On January 1, 1994, the plaintiff's pain became so severe that he reported to New Hanover Regional Medical Center at 6:50 a.m.
5. Plaintiff reported to the Emergency Room staff that he had fallen in a truck the day before and the pain has become unbearable.
6. The Emergency Room diagnosis revealed plaintiff was suffering from tenderness in the low back region. Plaintiff was told to rest for three days and prescribed muscle relaxers and pain medications. The x-rays revealed spongy lolistthesis at the L5-S1 level. Further plaintiff was told to return to the hospital if pain persisted.
7. On January 8, 1994, plaintiff returned to New Hanover Regional Medical Center with continued back pain. His diagnosis this time was chronic back pain and he was placed on Demerol and rest until he could see an orthopedist on January 15 and 16, 1994.
8. Plaintiff again, because of severe back pain went to the New Hanover Regional Medical Center and the diagnosis was again the same chronic back pain. Plaintiff was continued on Demerol.
9. On January 19, 1994, plaintiff again returned to the New Hanover Emergency Room with severe pain. Plaintiff, this time was given an MRI which revealed degenerative spondylosis in the upper lumbar spine with a small central T12-L1 disc herniation extending into the spinal cord. A small right sided L5-S1 disc herniation was also noted.
10. On January 25, 1994, plaintiff was seen by Dr. Charles L. Nance of the Wilmington Orthopedic Group. Dr. Nance diagnosed plaintiff as suffering from a herniated lumbosacral disc. Dr. Nance wrote plaintiff out of work and sent him home for bed rest and prescribed Percocet and Relaxin.
11. On February 2, 1994, plaintiff underwent a myelogram and post myelogram CT-scan which revealed a bilateral L5 pars defect with a right lateral disc herniation into the foramina affecting the right L5 nerve root.
12. On February 7, 1994, Dr. Foster referred plaintiff to Dr. Paul Suh of the North Carolina Spine Center.
13. On February 14, 1995, Dr. Suh's examination revealed that plaintiff suffered from a right L5 radiculopathy secondary to a pars defect at L5.
14. On February 28, 1995, plaintiff again was seen by Dr. Suh and as a result of that visit, Dr. Suh scheduled plaintiff for an L5-S1 fusion. This surgery took place on March 16, 1994.
15. After several more visits to Dr. Suh by plaintiff, Dr. Suh recommended and performed surgery again on plaintiff on February 3, 1995.
16. On April 11, 1996 it was determined that plaintiff's back symptoms had stabilized. Plaintiff was given a 20% permanent partial rating of his back.
17. On April 24, 1995, plaintiff began working with Castle Stables doing various assignments for the employer.
18. The Full Commission gives greater weight to the opinions rendered by Dr. Suh in his treatment and assessment of plaintiff.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff is entitled to temporary total disability compensation from January 2, 1994 to April 24, 1995. All sums having accrued shall be paid in one lump sum. N.C.G.S. § 97-29.
2. Plaintiff is entitled to permanent partial disability compensation in the amount of $140.00 for 60 weeks as a result of the 20% rating to his back. N.C.G.S. § 97-31(23).
3. Defendant shall pay all medical costs as it related to this claim. N.C.G.S. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim is hereby GRANTED.
2. Defendant shall pay plaintiff temporary total disability compensation in the amount of $140.00 per week from January 2, 1994 to April 24, 1995. All sums having accrued shall be paid in one lump sum.
3. Defendant shall pay plaintiff $140.00 for 60 weeks for his permanent partial disability rating he received as a result of this injury.
4. Defendant shall pay all medical expenses as it results to this claim.
5. An attorney fee of 25% is hereby APPROVED for plaintiff's counsel and shall be paid directly to him.
6. Defendant shall pay costs.
 S/ ____________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ____________ THOMAS J. BOLCH COMMISSIONER
S/ ____________ BERNADINE S. BALLANCE COMMISSIONER
CMV/cnp/dgb 9/18/97